UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF NEW YORK,

                Plaintiff,

-v-

TAVERN ON THE GREEN
INTERNATIONAL LLC,

                Defendant.

No. 17-cv-1376 (RJS)
JUDGMENT, PERMANENT INJUNCTION
& ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      On September 28, 2018, the Court granted summary judgment in favor of Plaintiff – the City of New York (the "City") – on assorted contract and trademark claims brought against Defendant Tavern on the Green International LLC ("TOGI") regarding use of the City's federally-registered trademark related to its "Tavern on the Green" restaurant in Central Park (the "Restaurant Mark"). *See City of New York v. Tavern on the Green, L.P.*, No. 17-cv-1376 (RJS), 427 B.R. 233 (S.D.N.Y. 2010), Doc. No. 81 ("Opinion").[1] Specifically, the Court granted the City's motion for summary judgment as to Count I, for breach of the parties' Use Agreement (limited to Section 2.04(c) of the Use Agreement); Count II, for trademark infringement, in violation of 15 U.S.C. § 1114(1)(a); Count III, for false designation of origin, in violation of 15 U.S.C. § 1125(a); Count IV, for dilution of the City's mark, in violation of 15 U.S.C. § 1125(c); and Count V, for common law unfair competition. The Court also determined that the City was entitled to injunctive relief as to Count I. (*Id.* at 15.) The Court nevertheless reserved judgment on the "scope of that relief" and whether the City was entitled to damages. (*Id.*). Finally, the Court entered judgment in the City's favor on TOGI's

---

[1] This Court assumes the parties' familiarity with the relevant facts and arguments detailed in the Court's Opinion, which are incorporated by reference herein.

counterclaims.  (Doc. No. 80.)  Since the Court's September 2018 Order, the City has agreed to voluntarily dismiss what remains of Count I, and all of Count VI.  (Doc. Nos. 84, 90.)  The City has also indicated that it does not intend to pursue actual damages on its successful claims – Counts I, II, III, IV, and V.  (Doc. No. 89 at 2.)

On October 11, 2019, the City submitted a proposed final judgment and permanent injunction (Doc. No. 91), along with a memorandum of law in support of that proposal (Doc. No. 92).  TOGI submitted a memorandum of law in opposition to the City's proposal in which it argued, among other things, that the City was not entitled to equitable relief because it did not request such relief with "clean hands."  (*See* Doc No. 94 at 20–22.)  In doing so, TOGI asserted – for the first time – that the City failed to comply with the writing and delivery requirements under Section 16.01 of the parties' Use Agreement; as a result, TOGI argued that the City had not properly given notice of a breach and thus "had no right to commence litigation."  (*Id.* at 21.)

On February 5, 2020, the Court held a conference to discuss the proposed final judgment and the parties' papers.  (*See* Doc. No. 97.)  The Court ordered the parties to submit supplemental briefing on whether TOGI had abandoned or waived its right to argue that the City's requested relief was improper because the notice did not comply with Section 16.01.  (Doc. No. 101 at 33–35.)  TOGI filed its supplemental memorandum of law, arguing that it did not waive its right to notice under Section 16.01 and that the City was not entitled to declaratory and injunctive relief.  (Doc. No. 99.)  TOGI also argued that the Court's Opinion did not find that the City had properly revoked TOGI's right to use the Restaurant Mark.  (*Id.* at 5–6.)

The City countered that TOGI waived and abandoned its Section 16.01 defenses; that, in any event, strict compliance with that provision was not required; that the City was entitled to a declaration that it properly revoked its consent for TOGI to use the Restaurant Mark; and that TOGI's unclean hands defense was baseless.  (Doc. No. 106.)  The City also filed a revised proposed final judgment

which requests: (1) a declaratory judgment that TOGI materially breached Section 2.04, and that the City properly revoked its consent for TOGI to use the name "Tavern on the Green" in connection with restaurant services, while leaving the Use Agreement otherwise intact; (2) nominal damages in the amount of $1.00 as to each of Counts I, II, III, IV and V (totaling $5.00); and (3) injunctive relief prohibiting TOGI from (a) "using or claiming ownership of any rights in the name 'Tavern on the Green' in connection with restaurant services or the sale of restaurant franchises;" (b) "mentioning or referring to Central Park or 'Tavern on the Green' restaurant in Central Park;" (c) "using any false designation of origin or false description . . . ;" (d) "using for any commercial purpose whatsoever any symbol, logo, trade name, trademark, or trade dress" to associate TOGI with the City or Tavern on the Green restaurant in New York City; or (e) otherwise infringing on the City's trademark rights or aiding and abetting others to do the same.[2]  (Doc. No. 104.)

1. Declaratory Relief

The City's proposed judgment requests declaratory relief as to the material breach found by the Court in its September 2018 Opinion. (Opinion at 15.) But a declaration that TOGI materially breached Section 2.04 of the Use Agreement would be redundant, since the Court has already granted summary judgment to the City on most of its claims, including its breach of contract claim with respect to Section 2.04. *See Fox v. Int'l Conf. of Funeral Serv. Examining Bds.*, 242 F. Supp. 3d 272, 292 (S.D.N.Y. 2017) (concluding that declaratory action claims were duplicative of breach of contract claims where findings made as to contractual rights would render a declaratory judgment superfluous); *First Niagara Bank N.A. v. Mortg. Builder Software, Inc.*, No. 13-cv-592S (WMS), 2016 WL 2962817, at *10 (W.D.N.Y. May 23, 2016) ("[W]here a declaratory judgment claim is

---

[2] In its proposed final judgment, the City also seeks injunctive relief requiring TOGI to "withdraw any pending applications for trademark registrations with the United States Patent and Trademark Office" [(the "USPTO")] for registration of the name "Tavern on the Green." (Doc. No. 104 at 5).  The City has already conceded, however, that any request for relief with respect to pending trademarks before the USPTO is "beyond the scope of the pleadings." (Doc. No. 103).

redundant of a primary claim raised by a party to a lawsuit, it is properly dismissed as duplicative." (quoting *Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd.*, No. 13-cv-3093 (PKC), 2014 WL 4175914, at *6 (E.D.N.Y. Aug. 20, 2014)).  Since the declaratory relief requested by the City relating to the material breach would be superfluous, a declaration along the lines requested by the City is wholly unnecessary.

The same cannot be said of the City's request for a declaratory judgment on its right to revoke its consent for TOGI to use the Restaurant Mark.  Even though the City's letter revoking its consent to TOGI's use of the Restaurant Mark came less than twenty business days after the City first gave Defendant notice of its improper use of the mark, there is nothing in Section 12.02 that prevents the City from seeking revocation – and any other appropriate remedies – in any litigation it properly commences.  (*See* Doc. No. 51-5 ("[T]he City may . . . immediately terminat[e] this Agreement and/or the City's consent . . . and/or the City may take such other enforcement actions as it deems appropriate").)  That is what the City did here, in both its initial and amended complaints.  (*See* Doc. No. 1 at 14 (seeking injunctive relief preventing TOGI from "using . . . the City's TAVERN ON THE GREEN Mark"); Doc. No. 26 at 11 (seeking declaratory judgment that TOGI "breached the Use Agreement and that the City properly revoked its consent to concurrent use of the name Tavern on the Green [by TOGI]").)  Since the Court found that TOGI continued to breach the Use Agreement even after receiving the contractually guaranteed opportunity to cure, the City is entitled to a declaratory judgment recognizing its right to revoke its consent as to TOGI's use of the Restaurant Mark.  (*See* Doc. No. 51-5 (providing that if Defendant does not cure within the contractual cure period, "[the City] may provide written notice to [TOGI] immediately terminating . . . [the City's] consent to use the [Restaurant Mark] with regard to the particular goods or services that are the subject of the breach and/or [the City] may take such other enforcement actions as it deems appropriate to protect its interests, including but not limited to, filing an action for trademark infringement").)

Any suggestion that the City's notice was ineffective because it did not comply with Section 16's requirements is merely a repackaged attempt to seek reconsideration of the Court's summary judgment opinion, which expressly found that the City's notice was effective or excused.  (Opinion at 10–11.)  As TOGI did not file a timely motion for reconsideration, the Court will not alter its opinion here and will not revisit the propriety of the City's notices.  *See, e.g.*, *Lurzer GMBH v. Am. Showcase, Inc.*, 75 F. Supp. 2d 98, 101 (S.D.N.Y. 1998) (denying motion to vacate jury award where "belated argument" was made "after the Court awarded summary judgment" and came "far too late to avoid the bar of waiver"), *opinion clarified*, No. 97-cv-6576 (JSR), 1999 WL 111931 (S.D.N.Y. Mar. 4, 1999), *and aff'd*, 201 F.3d 431 (2d Cir. 1999).  As for TOGI's contention that the judgment will create an "extraordinarily harsh" outcome (Doc. No. 94 at 14), the fact remains that the contract expressly contemplates that the City may revoke consent, terminate the agreement, file suit, or all of the above, where, as here, TOGI did not timely cure a material breach of the agreement.  Having found TOGI to be in breach and seeing no need to revisit that finding now, the Court will therefore grant declaratory judgment that the City is entitled to revoke its consent for TOGI to use the Restaurant Mark in connection with restaurant services.

2.  Nominal Damages

While the City no longer seeks actual damages, it is certainly entitled to nominal damages on Counts I, II, III, IV, and V.  *See Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F.3d 135, 139 n.8 (2d Cir. 2014) ("Under New York law, nominal damages may be awarded to a party who has shown breach of contract, even in the absence of evidence of a related loss."); *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 12-cv-7992 (KBF), 2014 WL 185222, at *9 (S.D.N.Y. Jan. 16, 2014) (stating that "[t]he Second Circuit's requirements for actual damages or profits do not apply to nominal damages or to costs available under the Lanham Act," so "[n]ominal damages and costs . . . remain potentially available to plaintiff should it prevail on liability claims"); *24/7 Recs., Inc. v. Sony*

*Music Ent., Inc.*, 566 F. Supp. 2d 305, 321 (S.D.N.Y. 2008) ("Where . . . plaintiff is unable to prove damages for unfair competition without speculation, it may seek nominal damages."); *but cf. Greene v. Brown*, 104 F. Supp. 3d 12, 18 (D.D.C. 2015) (holding that where a plaintiff expressly concedes that he has not suffered actual damages and does not seek statutory damages under the Lanham Act, a court may not award nominal damages).Therefore, the Court will award the City $1.00 in nominal damages as to each Count on which it found liability, for a total of $5.00.

### 3. Injunctive Relief

A district court has "broad discretion to enjoin possible future violations of law where past violations have been shown." *United States v. Carson*, 52 F.3d 1173, 1184 (2d Cir. 1995). To obtain a permanent injunction, a plaintiff must satisfy a four factor test, demonstrating "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "The historic purpose of an injunction is to ensure that past wrongdoing is not repeated, not to further punish the wrongdoer." *Pedinol Pharmacal, Inc. v. Rising Pharm., Inc.*, 570 F. Supp. 2d 498, 507 (E.D.N.Y. 2008) (citing *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 61 (1975)). "Accordingly, an injunction is unnecessary if there is no reasonable likelihood that the conduct at issue will be repeated." *Id.* "In determining whether to impose an injunction where a defendant has ceased the offending conduct, courts may consider the bona fides of the defendant's expressed intent to comply with the law, the effectiveness of the discontinuance, and the character of the past violations." *E.E.O.C. v. KarenKim, Inc.*, 698 F.3d 92, 100 (2d Cir. 2012) (internal quotation marks and alterations omitted). The scope of the injunction is also within the discretion of the district court. *See Carson*, 52 F.3d at 1184. Still, "injunctive relief must be 'narrowly tailored to fit specific legal violations.'"

*Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 463 (S.D.N.Y. 2017) (quoting *Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 272 (2d Cir. 2011)).

Although the City requests injunctive relief with respect to all of its claims, the Court has already concluded that injunctive relief is warranted as to Count I "[b]ecause the contract at issue here involved intellectual property rights in valuable trademarks, and because the parties have agreed that in the event of a breach by TOGI, 'the City will suffer immediate and irreparable injury.'" (Opinion at 11.) To the extent that the City requests injunctive relief with respect to Counts II, III, IV, or V, however, the Court is not persuaded that such relief is warranted at this time, since the injunctive relief granted as to Count I broadly prohibits TOGI from using the City's mark *at all* in connection with restaurant services or the sale of restaurant franchises, rendering further injunctive relief unnecessary.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The City is awarded a declaratory judgment that, in light of TOGI's material breach and failure to timely cure under the Use Agreement, the City is entitled to revoke its consent for TOGI to use the name "Tavern on the Green" in connection with restaurant services.

2. The City shall be awarded $1.00 in nominal damages as to each of Counts I, II, III, IV, and V, for a total of $5.00.

3. TOGI and its agents are restrained and enjoined from using or associating themselves with the name "Tavern on the Green" in connection with restaurant services or the sale of restaurant franchises.[3]

---

[3] Although the City also requests that the Court order TOGI to certify compliance with this judgment within thirty days of its entry and annually for five years (Doc. No. 104 at 5), the Court declines to do so and will instead rely on the City to inform the Court if TOGI has failed to comply with the terms of the judgment.

7

The Clerk of the Court is respectfully directed to enter judgment in the City's favor on Counts I, II, III, IV, and V, and close this case.

SO ORDERED.

Dated:     April 7, 2021
               New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation